[No. A042035. First Dist., Div. Three. Dec. 13, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH JAMES SMITH, SR., Defendant and Appellant.

COUNSEL

Kathy M. Chavez, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Blair F. Hoffman and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STRANKMAN, J.**—The sole question in this appeal is whether imposition of a five-year enhancement under Penal Code section 667 denied appellant equal protection because the statute contains no washout provision for remote convictions, as do other recidivist enhancement statutes. We reject appellant's constitutional challenge to the statute, and affirm the judgment.

## I

Appellant Kenneth James Smith, Sr., pled guilty to two counts of robbery and one count of attempted robbery. (Pen. Code, §§ 211, 664.)[1] The trial court found true the allegation that appellant had a prior serious felony conviction of robbery. (§§ 667, 1192.7, subd. (c).)[2] The court sentenced him to a total of four years and eight months for the robbery and attempted robbery convictions and to a consecutive five-year term for the prior serious felony enhancement.

Appellant's prior robbery conviction occurred in 1965. He was committed to state prison in that year, was released on parole in December 1969, and was discharged from parole in February 1973. At trial in the instant case appellant moved to strike that prior, arguing that imposition of the five-year enhancement violated fundamental principles of fairness and constituted cruel and unusual punishment. The trial court denied the motion. It reasoned in part that the statute was presumptively constitutional and that the 1986 amendment to section 1385 had eliminated its discretion to strike a section 667 enhancement.

## II

Section 667, which was enacted by initiative in June 1982, mandates a five-year enhancement of the sentence of any person convicted of a serious felony who has previously been convicted of a serious felony in this state. Serious felonies within the meaning of section 667 are those serious felonies listed in section 1192.7, subdivision (c).

Appellant contends that application of section 667 to enhance his present sentence because of his 23-year-old conviction violates equal protection, as the statute has no washout period for remote convictions as do other enhancement statutes. In particular, he compares the statute to section 667.5, subdivision (a), which authorizes a 3-year enhancement when a defendant convicted of a "violent felony" as defined in that statute has served a prior separate prison term for a violent felony; that additional term may not be imposed "for any prison term served prior to a period of 10 years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

There is a presumption that legislation is constitutional, and the party who attacks a classification as unconstitutional bears the burden of

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

[2] Appellant also admitted that two of his victims were sixty-five years of age or older. (§ 667.9.) The trial court struck the section 667.9 enhancements.

demonstrating its arbitrariness. (*Board of Education* v. *Watson* (1966) 63 Cal.2d 829, 833 [48 Cal.Rptr. 481, 409 P.2d 481].) ■ A person who claims a denial of equal protection must first show that the state has adopted a classification affecting two or more similarly situated groups in an unequal manner. (*In re Ricky H.* (1981) 30 Cal.3d 176, 190 [178 Cal.Rptr. 324, 636 P.2d 13]; *In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549].)

*People* v. *Jacobs* (1984) 157 Cal.App.3d 797 [204 Cal.Rptr. 234] is illustrative. Defendant in *Jacobs* argued that section 667 denied him equal protection because its five-year enhancement is inapplicable to defendants who are not recidivists or who are charged with crimes not enumerated in that section. The court rejected that argument, reasoning that the defendant was not similarly situated with first-time offenders or with persons convicted of other crimes. Instead, defendant was in a special class of persons, i.e., those convicted of a serious felony who had previously been convicted of a serious felony. As all such recidivist serious offenders were subject to the five-year enhancement, there was no equal protection violation (*Id.,* at pp. 802-805.)

■ Notwithstanding *Jacobs,* appellant argues that the statutory scheme does not treat all recidivist serious felony offenders who have committed the same serious felonies in the same manner. Appellant emphasizes that his sentence was enhanced for 5 years because of his prior conviction, even though he had been free of prison terms and felony convictions for more than 10 years. Appellant insists that under section 667.5, subdivision (a), a defendant convicted of the same recent offense, with an identical prior, would be free from an enhanced sentence if he had remained law-abiding for the requisite 10-year period.

What appellant's argument ignores, of course, is the overlap between sections 667 and 667.5, subdivision (a). All the violent felonies enumerated in section 667.5 are also serious felonies within the meaning of section 667. (Compare §§ 667.5, subd. (c), 1192.7, subd. (c); see Greer & Clarke, The Felony Sentencing Manual (1987) p. 1-17.)[3] It is true that a recidivist robber with a previous robbery conviction as defined in section 667.5, subdivision (c)(9), will not be subject to a three-year enhancement under that section if the requirements of the washout provision are met; it is not true, however,

---

[3] Recent amendments to sections 667.5 and 1192.7 confirm the overlap between the two enhancement statutes. (See Stats. 1988, chs. 70, 89, No. 3 West's Cal. Legis. Service, pp. 277, 318-322, No. 2 Deering's Adv. Legis. Service, pp. 424, 476 [amending section 667.5 to add arson, in violation of section 451, as a violent felony, and amending sections 667.5 and 1192.7 to add a violation of section 289, subdivision (a), accomplished by force or violence as a violent felony and as a serious felony].)

that such a defendant is free from any enhancement, as appellant seems to assert. Instead, that defendant is subject to the longer five-year enhancement under section 667, despite the inapplicability of section 667.5. In other words, the legislative scheme subjects all defendants convicted of a serious felony who have a prior serious felony conviction to the section 667 enhancement, regardless of section 667.5.

Appellant objects to defining the class as only those defendants who are subject to section 667, but does not suggest any other persuasive theory of classification. In short, appellant has not shown that the legislative scheme affects similarly situated persons in an unequal manner.

The judgment is affirmed.

White, P. J., and Merrill, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 23, 1989.